# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2007

Charles R. Fulbruge III
Clerk

No. 06-20641

KEHINDE SABA-BAKARE

Plaintiff - Appellant

v.

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY; HIPOLITO ACOSTA, District Director, US Citizenship &
Immigration Services

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Kehinde Saba-Bakare appeals the district court's dismissal of his case for lack of subject matter jurisdiction to grant the relief he requests.  For the reasons presented below, we affirm.

## I.

Saba-Bakare is a citizen of Nigeria.  He has lived in the United States as a legal permanent resident since February 1986.

In April 2003, Saba-Bakare returned to the United States from a brief trip abroad.  On arrival in the United States, immigration authorities determined that a previous conviction for second degree felony sexual assault rendered him

inadmissible. On the same day, Saba-Bakare was issued a Notice to Appear in removal proceedings.

Four months later, while the removal proceedings were pending, Saba-Bakare filed an application for naturalization with the U.S. Citizenship and Immigration Services ("USCIS"). But as 8 U.S.C. § 1429 precludes consideration by the Attorney General (read, USCIS) of a naturalization application once removal proceedings have begun, Saba-Bakare's naturalization application could not appropriately be considered. This being the case, Saba-Bakare filed a motion to terminate the removal proceedings with the immigration judge, arguing that he could establish prima facie eligibility for naturalization and present exceptionally appealing or humanitarian factors. Under 8 C.F.R. § 1239.2(f), when an alien establishes prima facie eligibility for naturalization and presents exceptionally appealing or humanitarian factors, an immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization.

The USCIS responded to Saba-Bakare's motion to terminate the removal proceedings against him by informing the immigration judge that in its opinion Saba-Bakare is not prima facie eligible for naturalization due to his previous conviction. The USCIS's determination that Saba-Bakare is not prima facie eligible for naturalization is hotly disputed by Saba-Bakare. Indeed, this determination was the genesis for the present controversy and appeal.[1]

Based on the USCIS's determination that Saba-Bakare is not prima facie eligible for naturalization, and on the understanding that he has no authority over naturalization applications or determinations of prima facie eligibility for

---

[1] Because we agree with the district court that subject matter jurisdiction is lacking, we have avoided discussing the merits of Saba-Bakare's underlying claim that he is prima facie eligible for naturalization.

naturalization, the immigration judge denied Saba-Bakare's motion to terminate the removal proceedings. The removal proceedings are still pending.

The USCIS was not so circumspect. Despite the fact that 8 U.S.C. § 1429 precludes consideration by the USCIS of a naturalization application once removal proceedings have begun, the USCIS conducted a naturalization interview and subsequently denied Saba-Bakare's application. The USCIS denied Saba-Bakare's application for the same reason that it had earlier determined that he is not prima facie eligible for naturalization—that is, because of his previous conviction. After further review pursuant to 8 U.S.C. § 1447(a), the USCIS affirmed the denial of naturalization for the same reason.

Saba-Bakare then filed this action in the district court seeking a de novo review of his naturalization application pursuant to 8 U.S.C. § 1421(c), and also seeking a declaratory judgment from the district court that he is prima facie eligible for naturalization.

After commencement of this action, the USCIS, attempting to correct its error, informed Saba-Bakare that under 8 U.S.C. § 1429 it had lacked authority to consider and deny his application for naturalization because of the pending removal proceedings. The USCIS therefore reopened Saba-Bakare's naturalization application.

Now in the district court, however, Saba-Bakare filed a motion for summary judgment. The USCIS also filed a motion to dismiss and a motion for summary judgment for lack of subject matter jurisdiction. The district court vacated the USCIS's decision denying Saba-Bakare's application for naturalization and remanded the application for consideration, but only when the removal proceedings are no longer pending. The district court further denied Saba-Bakare's request for a declaratory judgment of prima facie eligibility for naturalization and declined to review the USCIS's determination that he is not prima facie eligible for naturalization; the district court held that it lacked

3

subject matter jurisdiction to consider either request and consequently dismissed the claims that it had not remanded. Saba-Bakare timely appealed the district court's holding that it lacked subject matter jurisdiction.[2]

II.

This court reviews a ruling on jurisdiction de novo. Bravo v. Ashcroft, 341 F.3d 590, 591 (5th Cir. 2003).

Saba-Bakare contends that the district court has jurisdiction over this action and consequently over his request that it declare him prima facie eligible for naturalization and/or review the USCIS's determination that he is not prima facie eligible for naturalization.

Saba-Bakare first contends that jurisdiction exists under 8 U.S.C. § 1421(c), which provides district courts the authority to review the denial of a naturalization application after an applicant has exhausted administrative remedies.

The district court held that the denial of Saba-Bakare's naturalization application was inappropriate because of the pending removal proceeding against him. Under 8 U.S.C. § 1429, "no application for naturalization shall be considered. . . if there is pending against the applicant a removal proceeding. . . ." As there is a pending removal proceeding against Saba-Bakare, the USCIS has and had no statutory authority to consider his naturalization application, and doing so was clearly an error. The USCIS has attempted to remedy this error by reopening the application proceedings, and the district court has formally remedied this error by vacating the USCIS's denial of Saba-Bakare's naturalization application as improvidently granted. As the initial denial of his

---

[2] We do not address the portion of the district court's order that vacated the USCIS's decision on Saba-Bakare's naturalization application as the USCIS did not raise this issue on appeal.

application has no continuing legal effect, neither it nor the underlying findings of the USCIS can now be reviewed under 8 U.S.C. § 1421(c).

Second, Saba-Bakare contends that jurisdiction exists under 8 U.S.C. § 1447(b), which provides district courts the authority to review a naturalization application that has not been decided more than 120 days after an in-person examination. Even if jurisdiction exists under § 1447(b), however, invoking jurisdiction under this section would be futile. Section 1447(b) provides a district court with a means of addressing the administrative delay of an application that the Attorney General may consider. But § 1429 does not allow the Attorney General to consider naturalization applications when a removal proceeding is pending. Under § 1447(b), then, the district court could have either determined the matter or remanded the matter for the USCIS to determine the matter. But in either instance the appropriate determination is controlled by § 1429, and § 1429 requires that Saba-Bakare wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application. In sum, the administrative delay here is required by § 1429.

Third, Saba-Bakare contends that the district court has jurisdiction to issue a declaratory judgment on the issue of his prima facie eligibility for naturalization. Saba-Bakare, as noted above, seeks a declaration that he is prima facie eligible for naturalization as this will allow the immigration judge to terminate the pending removal proceeding against him pursuant to 8 C.F.R. § 1239.2(f). And, again as noted above, under 8 U.S.C. § 1429, the USCIS is precluded from considering his naturalization application while a removal proceeding is pending against him.

In 1975, the Board of Immigration Appeals ("BIA") held that neither the BIA nor an immigration judge has authority to make an independent determination of prima facie eligibility for naturalization. Matter of Cruz, 15 I.

& N. Dec. 236, 237 (BIA 1975). The BIA held that "prima facie eligibility may be established by an affirmative communication from the Service [USCIS] or by a declaration of a court that the alien would be eligible for naturalization but for the pendency of the deportation proceedings. . . ." Id. (emphasis added).

In 1990, however, Congress amended 8 U.S.C. § 1421 and granted the Attorney General exclusive authority to naturalize aliens, removing the authority that courts had previously held to naturalize aliens. The USCIS argues that this amendment to § 1421 renders the part of Matter of Cruz that states that a court can make a determination of prima facie eligibility for naturalization no longer the rule. We agree. Matter of Cruz cannot provide the district court jurisdiction to declare Saba-Bakare prima facie eligible for naturalization when Congress has said that the Attorney General has exclusive authority to naturalize aliens. Indeed, in the light of the 1990 amendment to § 1421, Matter of Cruz indicates that only an affirmative communication from the USCIS may establish prima facie eligibility. See In re Victor Acosta Hildago, 24 I. & N. Dec. 103, 105 (BIA March 8, 2007) (noting that "the fact that the federal courts no longer have authority to make decisions as to an alien's prima facie eligibility for citizenship does not undermine Matter of Cruz").

Finally, Saba-Bakare's most compelling argument is that, absent review by the district court at this time, the USCIS's determination that he is not prima facie eligible for naturalization, accompanied by his consequent inability to obtain a termination of removal proceedings under 8 C.F.R. § 1239.2(f), will render the prima facie eligibility issue unreviewable by any court.

In oral argument before this court, however, the USCIS unequivocally conceded—to the apparent surprise and appreciation of Saba-Bakare's counsel—that the issue of prima facie eligibility and the consequent denial of Saba-Bakare's motion to terminate the removal proceedings would be reviewable by this court on appeal from a final order of removal. This concession, although

it likely addresses a jurisdictional question, is consistent with the opinion expressed by the district court.

Moreover, even in the unlikely event that the government later attempts to retract the open and public concession made before this court, the equitable argument presented by Saba-Bakare is an inappropriate ground for reaching the underlying merits of this case. If the statutory framework created by Congress renders the determination of prima facie eligibility for naturalization unreviewable by any court, this may indeed present a persuasive equitable concern. But this concern should be addressed to Congress, not to this court.

## III.

For the reasons presented above, we AFFIRM the district court's decision denying Saba-Bakare's requested relief for lack of subject matter jurisdiction.