NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0419n.06

No. 09-3437

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jul 13, 2010**

LEONARD GREEN, Clerk

NUZAIRA M. RAHMAN,

    Plaintiff-Appellant,

        v.

JANET NAPOLITANO, EMILIO T. GONZALES,
and MARK B. HANSEN,

    Defendants-Appellees.

On Appeal from the United
States District Court for the
Northern District of Ohio at
Cleveland

_____/

**Before:**      **GUY, BOGGS, and SUTTON, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**      Plaintiff Nuzaira Rahman appeals from the

dismissal of her *pro se* complaint requesting that the district court adjudicate her application

for naturalization or remand the matter for adjudication by the United States Citizenship and

Immigration Services (USCIS) pursuant to 8 U.S.C. § 1447(b).[1] The district court dismissed

the complaint without prejudice in reliance on 8 U.S.C. § 1429, which restricts the authority

to consider an application for naturalization while removal proceedings are pending.

Plaintiff claims that it was error for the district court (1) to conclude that § 1429 deprived the

_____

[1]Pursuant to Fed. R. App. P. 43(c)(2), Janet Napolitano, Secretary of the Department of Homeland
Security (DHS), is automatically substituted for her predecessor Michael Chertoff.

district court of jurisdiction under § 1447(b); and (2) to reject her plea to vacate the USCIS's

subsequent denial of her application for naturalization, the error being either (a) because the

district court's jurisdiction under § 1447(b) is exclusive, or (b) because the USCIS was

precluded from doing so by the limitations of § 1429.[2]

Finding that § 1429 limits the district court's authority to grant relief under § 1447(b),

or determine the USCIS's jurisdiction or authority to act on the delayed application for

naturalization, we affirm the dismissal of the complaint without prejudice.

**I.**

Plaintiff Nuzaira Rahman, a native and citizen of Bangladesh, received Lawful

Permanent Resident (LPR) status on November 17, 2000. In May 2004, plaintiff applied for

naturalization as the spouse of a United States citizen.[3] Plaintiff was examined for

naturalization on November 26, 2004, and passed all the tests that were administered. More

than 120 days passed without decision on the application for naturalization.

In April 2005, a federal indictment charged plaintiff's husband Abrar U. Haque (and

a number of others) with various offenses. Plaintiff was charged in the same indictment

(under her married name) with several offenses. In January 2007, after her husband was

convicted at trial of multiple offenses, plaintiff pleaded guilty to one count of furnishing

inaccurate information to the Commissioner of Social Security and was sentenced to two

years' probation. She claims that she believed that this conviction would not result in her

---

[2]The Ohio Affiliate of the Council on American-Islamic Relations filed an *amicus curiae* brief in support of plaintiff's contention that § 1447(b) grants exclusive jurisdiction to the district courts.

[3]Plaintiff also has five children who are United States citizens.

removal.

However, on April 7, 2008, the Department of Homeland Security (DHS) served plaintiff with a Notice to Appear, which charged her with removability on account of both that 2007 conviction and an undisclosed 1998 order of removal that was entered *in absentia*. Attacking the removal from more than one direction, plaintiff sought to vacate her conviction, tried to halt the removal proceedings, and instituted this action to obtain a decision on the four-year-old application for naturalization.

Specifically, not having appealed her judgment of conviction or filed a § 2255 motion, plaintiff moved to vacate her conviction by filing a petition for writ of error coram nobis in the district court. That petition was denied, and an appeal is currently pending in this court. Plaintiff also filed unsuccessful motions (1) to terminate the removal proceedings to permit her to proceed to a final decision on the application for naturalization, and (2) to stay the removal proceedings so that a motion to reopen the prior *in absentia* order of removal could be heard. Although defendants indicate that an evidentiary hearing was held in the removal proceedings on July 27, 2009, it appears that the removal proceedings remain pending at this time.

This action was filed on August 22, 2008, a few months after removal proceedings were initiated, invoking the district court's jurisdiction under § 1447(b) to hear the matter because the USCIS had not acted within 120 days of her examination. On September 3, 2008, before defendants were properly served, the USCIS issued a written decision denying plaintiff's application for naturalization. That order referred not only to the pending removal

proceedings, but also to plaintiff's failure to disclose in the application her involvement with criminal activity or the prior order of removal. Defendants moved to dismiss the complaint for improper service, which defendants concede was rectified on October 3, 2008. Plaintiff's response to this motion also asked the district court to vacate the recent denial of her application for naturalization.

Plaintiff moved for summary judgment in her favor, and defendants' response included a motion to dismiss on alternative grounds of mootness and lack of subject matter jurisdiction. The district court concluded that it lacked subject matter jurisdiction while removal proceedings were pending. Denying plaintiff's motion for summary judgment and granting defendants' motion to dismiss, the district court dismissed the complaint without prejudice in an order entered on February 12, 2009. Plaintiff filed a motion for reconsideration, which was denied. This appeal followed.

## II.

We review *de novo* a district court's decision to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), except that when a district court inquires into the factual basis for jurisdiction the factual findings are reviewed for clear error. *See Memphis Biofuels, LLC v. Chickasaw Nation Indus., Inc.*, 585 F.3d 917, 919 (6th Cir. 2009); *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007). Since the decision in this case did not depend on factual findings, we consider defendants' motion to be a facial attack on jurisdiction that is to be reviewed *de novo*.

**A.      Sections 1447(b) and 1429**

Until the adoption of what would become § 1429, "the usual practice had been 'for both the [removal] and naturalization processes to proceed along together until either [the] petitioner's [removal] or naturalization *ipso facto* terminated the possibility of the other occurring." *Zayed v. United States*, 368 F.3d 902, 905 (6th Cir. 2004) (quoting *Shomberg v. United States*, 348 U.S. 540, 543 (1955)). Congress put an end to the race between naturalization and removal in 1950 by adopting a priority provision declaring, in part, that "no petition for naturalization shall be finally heard by a naturalization court" while deportation proceedings were pending against the applicant. *Ajlani v. Chertoff*, 545 F.3d 229, 236 (2d Cir. 2008) (quoting Internal Security Act of 1950, Pub. L. No. 81-831, § 27, 64 Stat. 987, 1015, *reenacted as* INA § 318 (codified at 8 U.S.C. § 1429)).

Prior to 1990, authority to naturalize an alien was vested in the district courts, and removal was entirely the province of the Attorney General. *Zayed*, 368 F.3d at 905. In 1990, with the intention of streamlining the process, Congress unified naturalization authority and removal authority in the Attorney General (as delegated to the USCIS and DHS). *See Etape v. Chertoff*, 497 F.3d 379, 386 (4th Cir. 2007) (discussing 1990 amendments). Congress did so by expressly conferring on the Attorney General the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). At the same time, Congress preserved the district courts' power to review the denial of an application for naturalization after a hearing before an immigration officer, 8 U.S.C. § 1421(c), or to hear the matter on a request by the applicant if the Attorney General fails to act within 120 days after the examination is conducted, 8 U.S.C. § 1447(b). The priority provision was also amended to conform to these

changes such that it now reads, in pertinent part, that "no application for naturalization *shall be considered by the Attorney General* if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest[.]"  8 U.S.C. § 1429 (as amended) (emphasis added).  Plaintiff relies on this language to argue that § 1429 applies only to the Attorney General and not the district court.

This court's decision in *Zayed* was one of the first to confront the issue of whether § 1429, as amended, restricts the power of the district courts.  The question presented in *Zayed* was whether § 1429 precluded the district court from reviewing a final administrative denial of naturalization once removal proceedings had been initiated.  368 F.3d at 903.  The government argued, as it does here, that § 1429 operated to deprive the district court of subject matter jurisdiction as long as removal proceedings were pending against the applicant.  We rejected this contention and held that the effect of § 1429 "is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of jurisdiction expressly conferred on it by the very act of Congress that amended § 1429."  *Zayed*, 368 F.3d at 906.

That is, the court held, a district court exercising jurisdiction under § 1421(c) may only review those decisions that § 1429 would permit the Attorney General to make while removal proceedings are pending.  *Id*.  This would permit a district court to make a threshold determination as to whether an application for naturalization was properly denied on the basis of pending removal proceedings.  *Id*.  However, when an application for naturalization is denied on grounds other than the pendency of removal proceedings, the limitations of § 1429

would prevent the district court from granting effective relief under § 1421(c). *Id.* Because the latter was the case in *Zayed*, the decision to dismiss without prejudice was affirmed. *Accord De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1047 (9th Cir. 2004).[4]

Bound by the essential holding in *Zayed* concerning the effect of § 1429 in an action under § 1421(c), we conclude, as other courts have, that § 1429 similarly limits the scope of the district court's review and circumscribes the available remedies in an action brought under § 1447(b) when removal proceedings are pending against the applicant. *See Ajlani*, 545 F.3d at 238-39; *Saba-Bakare v. Chertoff*, 507 F.3d 337, 341 (5th Cir. 2007). Section 1447(b) permits an alien whose application for naturalization has not been determined within 120 days after examination to apply to the district court for a hearing, and expressly states that the district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." When removal proceedings are pending, however, the district court may not compel the USCIS to grant the delayed application for naturalization, nor remand to the USCIS to consider the delayed application. As the Second Circuit held in *Ajlani*, adopting the reasoning of *Zayed* and *Saba-Bakare*, "an alien cannot claim a form of relief pursuant to § 1447(b) that is forbidden by § 1429." *Ajlani*, 545 F.3d at 238.

There is no basis to conclude that Congress intended to alter the long-standing priority

---

[4]Plaintiff relies on a few district court decisions at odds with the holding in *Zayed* to argue that § 1429 should not be read to apply to the district court. *See, e.g.*, *Gonzalez v. Napolitano*, 684 F. Supp. 2d 555 (D. N.J. 2010); *Kestelboym v. Chertoff*, 538 F. Supp. 2d 813, 818 (D.N.J. 2008); *Ngwana v. Attorney Gen.*, 40 F. Supp. 2d 319, 321 (D. Md. 1999). This view is against the weight of appellate authority (as the court in *Gonzalez* conceded), and we may not adopt it to the extent that it is inconsistent with the decision in *Zayed*.

that removal proceedings are to have over naturalization proceedings. As the Second Circuit explained in *Ajlani*:

> Mindful that the animating principle behind § 1447(b) relief is the need to protect against executive delay, we conclude that Congress did not contemplate judicial orders of naturalization under circumstances where Congress has called an explicit statutory halt to the executive's ability to give any further consideration to an alien's naturalization application until removal proceedings end. Like the Sixth Circuit, we think district court authority to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General. *See Zayed v. United States*, 368 F.3d at 906. To hold otherwise would be to restart the race that Congress attempted to end between naturalization and removal proceedings in the Internal Security Act of 1950 and various successor statutes, *see Shomberg v. United States*, 348 U.S. at 544, 75 S. Ct. 509, in circumstances where that race would appear particularly inappropriate, i.e., where information belatedly comes to the executive's attention indicating not only that an alien's naturalization application may have been improvidently granted but also that the alien should, in fact, be removed from the United States.

*Id*. at 240. We agree that "it would seem to work against the framework set forth in §§ 1447 and 1429 for the district court to undertake [an evaluation of a naturalization application] where Congress has expressly prohibited the Attorney General from doing so." *Id*.

Convinced that § 1429 should be read to restrict the scope of the district court's authority under § 1447(b), as we have held it does for claims under § 1421(c), we conclude that the district court was not deprived of subject matter jurisdiction. However, because removal proceedings were (and still are) pending, the district court was precluded from granting relief pursuant to § 1447(b) by either adjudicating the application for naturalization or remanding to the USCIS with instructions that it do so. Accordingly, it was not error to dismiss the plaintiff's § 1447(b) claims without prejudice.

**B.      USCIS's Denial of Naturalization**

Plaintiff also contends that the district court erred by ignoring her request to vacate the USCIS's decision denying naturalization after this action was filed. Defendants relied on that decision in seeking dismissal of the § 1447(b) claims as moot, but plaintiff did not request leave to amend her complaint to seek review of the denial under § 1421(c).[5] Rather, plaintiff urged the district court to declare the intervening decision to be without effect either (1) because the district court had exclusive jurisdiction once the complaint was filed under § 1447(b), or (2) because the limitations of § 1429 precluded the USCIS from making a decision on the application for naturalization while removal proceedings were pending.

The first of these issues—whether § 1447(b) grants the district court exclusive or concurrent jurisdiction over the pending application for naturalization—is a matter of first impression in this circuit. Courts in three other circuits have held that once an action is properly filed under § 1447(b), the district court's jurisdiction is exclusive and the USCIS is stripped of jurisdiction. *See United States v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004) (*en banc*) (reaching different result than the vacated panel decision); *Etape v. Chertoff*, 497 F.3d 379, 385, 388 (4th Cir. 2007) (2-1) (abrogating *Kia v. INS*, 175 F.3d 1014 (4th Cir. 1999) (Table)); *Bustamante v. Napolitano*, 582 F.3d 403, 405 (2d Cir. 2009); *see also Al-Maleki v. Holder*, 558 F.3d 1200, 1205 n.2 (10th Cir. 2009) (declining to answer the question, but noting the persuasive reasoning of *Hovsepian* and *Etape*). Defendants urge us to follow the contrary view, which holds that the USCIS has concurrent jurisdiction over a

---

[5]Plaintiff's failure to amend the complaint would be the least of the hurdles facing a request for review under § 1421(c), as judicial review of a denial of naturalization is authorized only "after a hearing before an immigration officer" under § 1447(a). 8 U.S.C. § 1421(c); *see also* 8 C.F.R. § 336.9(d). There is no indication that plaintiff exhausted her administrative remedies with respect to the USCIS's decision.

delayed application for naturalization even after an action has been filed under § 1447(b). This view is ably articulated by the district court in the now-reversed decision in *Bustamante*. *See Bustamante*, 533 F. Supp.2d 373, 381 (S.D.N.Y. 2008), *rev'd* 582 F.3d 403 (2d Cir. 2009); *see also Martinez v. Sec., DHS*, 670 F. Supp. 2d 1325, 1329 (M.D. Fla. 2009); *Hamdan v. Chertoff*, 626 F. Supp. 2d 1119, 1137-38 (D.N.M. 2007).

We do not reach this question, however, because we find that the district court's authority to examine the USCIS's decision was circumscribed by § 1429. Indeed, plaintiff's second argument calls attention to the limitations of § 1429 by arguing that the USCIS did not have authority to deny the application for naturalization while removal proceedings were pending. The cases that address the question of exclusive versus concurrent jurisdiction do not offer any guidance, as none of those cases also involved a denial of a delayed application for naturalization while removal proceedings were pending.

This court's decision in *Zayed* described the effect of § 1429, stating that when the administrative denial is based on pending removal proceedings, "the district court's de novo review is limited to a review of that threshold determination." 368 F.3d at 906. Having extended application of § 1429 to the district court as we have, whether the action is brought under § 1421(c) or § 1447(b), we also find that § 1429 prevents a district court from granting the relief requested here—declaration that the USCIS's denial of naturalization was either without jurisdiction (because § 1447(b) grants the district court exclusive jurisdiction), or without authority (because § 1429 precluded consideration of the application during the pendency of removal proceedings). Completely aside from plaintiff's failure to amend or to

exhaust administrative remedies, we find that the district court was precluded from granting the relief requested while removal proceedings were pending.

Accordingly, the district court's dismissal of the plaintiff's § 1447(b) claims without prejudice, and without determining the USCIS's jurisdiction or authority to decide the delayed application for naturalization, is **AFFIRMED**.