**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2150

_____

Oscar L. Thomas; Janet Kay      *
Bridges; Jay Harbison,      *
     *
     Plaintiffs - Appellants,      *   Appeal from the United States
     *   District Court for the
     v.      *   Eastern District of Arkansas.
     *
First National Bank of Wynne,      *
     *
     Defendants - Appellees.      *

_____

Submitted: December 13, 1996

Filed: April 8, 1997
_____

Before LOKEN and HANSEN, Circuit Judges, and PERRY,[1] District Judge.
_____

HANSEN, Circuit Judge.

The plaintiffs in this case, who filed claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634,

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

appeal from the district court's[2] grant of summary judgment to the First National Bank of Wynne.  We affirm.

In January 1994, as a result of substandard earnings in the two previous years, the Board of Directors (board) for the First National Bank of Wynne (bank) instructed the bank president, Tandy Menefee, to look for ways to cut expenses.  Menefee formed a committee that reviewed the bank's operations and made recommendations to the board.  Upon the committee's recommendations, the board implemented a reduction in force and directed Menefee to terminate four employees:  Oscar L. Thomas (age 65), Janet Kay Bridges (age 47), Jay Harbison (age 40), and Charlotte Flentje (age 37). The board also decided not to fill two vacant positions in the bank. Menefee carried out the board's orders, and other bank personnel absorbed the work of the vacated positions.

Thomas, Bridges, and Harbison filed claims against the bank under the ADEA, alleging that the bank had discriminated against them based upon their ages.  The district court consolidated the cases, and later granted the bank's motion for summary judgment, holding that each of the plaintiffs had failed to establish a prima facie case of age discrimination, and even if they had established their prima facie cases, they did not have sufficient evidence to give rise to an inference that the bank's proffered reasons were a pretext for discrimination.  The plaintiffs appeal.

II.

We review a grant of summary judgment de novo, applying the same standards of Federal Rule of Evidence 56(c) as did the

_____

[2]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

2

district court.  Rothmeier v. Investment Advisors, Inc., 85 F.3d 1328, 1331 (8th Cir. 1996).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Hutson v. McDonnell Douglas Corp, 63 F.3d 771, 775 (8th Cir. 1995).  A disputed fact is not material unless it may affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Thomas and Bridges argue that because they produced direct evidence of discriminatory intent, the district court should have applied the Price Waterhouse mixed-motive analysis.  See Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989).  We find no error, however, because the evidence Thomas and Bridges submitted is not "direct evidence," which in this context is evidence "showing a specific link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the bank's decision to terminate their positions.  Philipp v. ANR Freight System, Inc., 61 F.3d 669, 673 (8th Cir. 1995) (internal quotations omitted); see also Kriss v. Sprint Communications Co., 58 F.3d 1276, 1282 (8th Cir. 1995) (requiring evidence of "conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the factfinder to find that that attitude was more likely than not a motivating factor in the employer's decision" in order to merit a mixed-motive analysis (internal quotation omitted)).

Consequently, the appropriate analysis for this case is the burden-shifting framework the Supreme Court set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Texas Dep't of

Community Affairs v. Burdine, 450 U.S. 248 (1981), and St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). See generally Ryther v. KARE 11, No. 94-3622, slip op. at 5-10, 33-35 (8th Cir. Mar. 6, 1997) (en banc). This mode of analysis, while developed in the Title VII context, applies with equal force to ADEA cases. Id., slip op. at 5; Hutson, 63 F.3d at 776. Under the burden-shifting framework, the plaintiffs must establish the elements of a prima facie case, which, in the context of this reduction-in-force case, are: (1) the plaintiffs are within the protected age group; (2) they met the applicable job qualifications; (3) their employment was terminated; and (4) there is some "additional showing" that age was a factor in the plaintiffs' terminations. Hutson, 63 F.3d at 776; Holley v. Sanyo Mfg. Co., 771 F.2d 1161, 1165-66 (8th Cir. 1985). If the plaintiffs establish their prima facie cases, a rebuttable presumption of discrimination arises and the burden of production shifts to the bank to articulate a legitimate, nondiscriminatory reason for the terminations. Ryther, slip op. at 6. Once the bank produces such a reason, the presumption disappears and the plaintiffs bear the burden of proving that the proffered reason was pretextual and the real reason for their terminations was discrimination. Id.

In the instant case, because the bank conceded that the plaintiffs had established the first three elements of the prima facie test, the issue before the district court was whether the plaintiffs had submitted any additional showing that age was a factor in their terminations. The court found that the plaintiffs had each failed to establish the fourth element of their prima facie cases, and even if they had succeeded in this regard, they failed to submit sufficient evidence to support an inference that the bank's proffered reasons for the terminations -- the need to cut expenses and the plaintiffs' qualifications and job performances -- were pretextual and that the real reason was age

discrimination.  Having carefully reviewed this record, we concur with the district court's conclusion that the record does not contain sufficient evidence to support an inference of intentional discrimination based upon age.  The bank was therefore entitled to summary judgment as a matter of law.

Because the plaintiffs cannot establish a prima facie case or raise an inference of discrimination on the basis of age, they likewise cannot prevail on their claim that they are entitled to double damages based on their allegations that the bank's alleged violation of the ADEA was willful.  See Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 803 (8th Cir. 1994) (explaining the standard for assessing liquidated damages under the ADEA).

Finally, the plaintiffs do not have a triable case of disparate impact, because they have not submitted statistics of the kind and degree sufficient to raise an inference that the bank's basis for making its reduction-in-force decisions has had a disparate impact on bank employees within the protected class.  Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994-95 (1988); Krauel v. Iowa Methodist Medical Ctr., 95 F.3d 674, 681 (8th Cir. 1996).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5