# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2494
_____

Albert Rinchuso

*Plaintiff - Appellant*

v.

Brookshire Grocery Company, doing business as Brookshire Pharmacy #102

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: September 26, 2019
Filed: December 9, 2019
_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Albert Rinchuso sued his former employer, Brookshire Grocery Company, alleging gender-based discrimination. The district court[1] granted Brookshire's

_____

[1] The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

motion for summary judgment. Rinchuso appeals, arguing the district court erred in refusing to consider his direct evidence argument and granting summary judgment for Brookshire. We have jurisdiction under 18 U.S.C. § 1291. Because summary judgment was appropriate and any error in declining to consider Rinchuso's direct evidence argument was harmless, we affirm.

## I. Background

In May 2014, Brookshire Grocery Company ("Brookshire") hired Albert Rinchuso as a pharmacist. At the time of his employment, Rinchuso signed an acknowledgment of Brookshire's internet and conduct policies in which he acknowledged that using the company computer for personal purposes or acting inappropriately at work could result in termination. Shortly after he began working at Brookshire, female coworkers reported Rinchuso was engaging in inappropriate behavior and he was verbally warned.

In January 2017, Brookshire's human resources department opened an investigation in response to a coworker complaint that Rinchuso was viewing pornography on his work computer. Brookshire interviewed four of Rinchuso's female coworkers, who alleged Rinchuso viewed naked women on his work computer, gambled, and touched them inappropriately at work. Notwithstanding the interviews, Brookshire's information technology department was unable to conclusively determine if Rinchuso viewed pornography on his work computer. Brookshire also interviewed Rinchuso, who admitted to visiting sports and dating websites at his work computer but denied viewing pornography, gambling at work, or touching his coworkers. Brookshire did not interview Rinchuso's two male coworkers.

Brookshire terminated Rinchuso on January 20, 2017. On February 28, 2017, Rinchuso filed a complaint in state court claiming he was fired in violation of the

-2-

Arkansas Civil Rights Act's prohibition on gender-based discrimination. Specifically, Rinchuso alleged that he was subjected to disparate treatment when he was terminated after accusations of inappropriate touching. Rinchuso claimed a prior female employee, Laura Cole, was not terminated after coworkers accused her of inappropriate touching in 2014.

Brookshire removed the case to federal court and moved for summary judgment. In response, Rinchuso argued discovery had elicited direct evidence of Brookshire's discriminatory motive in firing him. The district court found Rinchuso's direct evidence argument to be an untimely attempt to amend his complaint and declined to consider it. The district court found Rinchuso failed to present a prima facie case of discrimination and granted summary judgment in favor of Brookshire. Rinchuso moved the district court to amend or alter its judgment under Federal Rule of Civil Procedure 59(e) asserting that his direct evidence argument was a method of proof for his underlying disparate treatment claim, not a new theory of recovery. The district court denied the motion. Rinchuso timely appealed the district court's orders granting summary judgment for Brookshire and denying his Rule 59(e) motion.

## II. Discussion

### A. Summary Judgment

We review the grant of a motion for summary judgment *de novo*. Higgins v. Union Pac. R.R. Co., 931 F.3d 664, 669 (8th Cir. 2019). Summary judgment is appropriate if, viewing all evidence and reasonable inferences in the light most favorable to the nonmovant, there is no genuine issue of material fact. Id.

The Arkansas Civil Rights Act prohibits gender discrimination by employers. Ark. Code Ann. § 16-123-107(a)(1) (2016). Violations of the Arkansas Civil Rights

Act are evaluated under the Title VII gender-discrimination framework and relevant federal case law prohibiting disparate treatment. Greenlee v. J.B. Hunt Transp. Servs., 342 S.W.3d 274, 277-79 (Ark. 2009). A plaintiff alleging disparate treatment may survive summary judgment by either: (1) showing direct evidence of discrimination or (2) presenting an inference of discrimination under the McDonnell Douglas framework. Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004). Direct evidence shows a "specific link" between discriminatory animus and an employment decision. Id. (quoting Thomas v. First Nat'l Bank of Wynne, 111 F.3d 64, 66 (8th Cir. 1997)). Under the McDonnell Douglas framework, a plaintiff establishes a prima facie case of disparate treatment by showing they: (1) belong to a protected class; (2) were meeting the employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) were treated differently than similarly situated employees outside the protected class. McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802-03 (1973); Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs., 728 F.3d 800, 804 (8th Cir. 2013).

Rinchuso's proffered direct evidence consisted of: (1) a claim he was never warned about inappropriate touching in 2014; (2) Brookshire's decision not to interview two male employees; (3) Brookshire's failure to present video evidence of Rinchuso touching coworkers or misusing his work computer; and (4) a lack of conclusive evidence Rinchuso viewed pornography at work. Assuming his assertions are true, none of Rinchuso's purported direct evidence establishes the required "specific link" between his termination and gender-based animus. See Thomas, 111 F.3d at 66. Brookshire's policies permit termination for inappropriate conduct or personal use of a work computer, the latter of which Rinchuso admitted. Declining to interview two male employees while investigating inappropriate touching of exclusively female employees is insufficient to show discriminatory intent in this case.

The absence of conclusive evidence that Rinchuso violated internet and conduct policies is insufficient to prove improper termination because the central question in determining if termination is proper is not whether the employee actually engaged in prohibited conduct, but whether the employer believed so in good faith. McCullough v. Univ. of Ark. for Med. Scis., 559 F.3d 855, 861-62 (8th Cir. 2009). The lack of conclusive evidence of Rinchuso's violations is insufficient to prove that Brookshire fired him with discriminatory intent where interviews with Rinchuso's coworkers and his own admissions provide a good-faith basis for termination. Viewing all evidence and reasonable inferences in a light most favorable to Rinchuso, he has failed to demonstrate direct evidence of discrimination sufficient to survive summary judgment.

Rinchuso also failed to establish a prima facie case of disparate treatment. Under McDonnell Douglas's fourth prong, Rinchuso must proffer "specific, tangible evidence" that Laura Cole was "similarly situated in all relevant respects, including that the offenses were of the same or comparable seriousness." Phillip v. Ford Motor Co., 413 F.3d 766, 768 (8th Cir. 2005); Fiero v. CSG Sys., Inc., 759 F.3d 874, 879 (8th Cir. 2014). An unsupported, self-serving allegation that another employee was similarly situated is insufficient. Fatemi v. White, 775 F.3d 1022, 1040 (8th Cir. 2015).

Rinchuso's complaint contains only a bare allegation that he and Cole are similarly situated. In response to Brookshire's motion for summary judgment, Rinchuso only references Cole once, and then to state that he no longer intends to prove disparate treatment by use of a comparator. Under these circumstances, Rinchuso has either failed to support his assertion that he and Cole were similarly situated or completely abandoned proving disparate treatment by a McDonnell Douglas inference. In either instance Rinchuso has failed as a matter of law to provide sufficient evidence to give rise to a jury question on the issue of disparate treatment.

*A. The Rule 59(e) Motion*

We review the district court's denial of a motion to alter or amend filed under Rule 59(e) for abuse of discretion. <u>Voss v. Hous. Auth. of the City of Magnolia</u>, 917 F.3d 618, 623 (8th Cir. 2019).

The district court declined to consider Rinchuso's direct evidence argument, finding it was essentially an untimely motion to amend his complaint to add a new theory of recovery. Proof by direct evidence and a <u>McDonnell Douglas</u> inference are two alternative methods of proving disparate treatment, not separate theories of recovery. It was permissible for Rinchuso to prove his claim either by direct evidence or by using the <u>McDonnell Douglas</u> framework. The district court abused its discretion in denying Rinchuso's Rule 59(e) motion after its order granting summary judgment misidentified a method of proof as a theory of recovery.

Even so, abuse of discretion in denying a Rule 59(e) motion is harmless if the court did not err in assessing the underlying claim. <u>Auto Servs. Co., Inc. v. KPMG, LLP</u>, 537 F.3d 853, 857 (8th Cir. 2008). Because Rinchuso failed to present sufficient direct evidence or demonstrate a prima facie case under <u>McDonnell Douglas</u>, the district court did not err when it granted summary judgment for Brookshire. Having properly assessed the underlying claim, any error in denying Rinchuso's Rule 59(e) motion was harmless.

## III.    Conclusion

For the foregoing reasons, we affirm.

_____