# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2868
_____

Scott W. Rivera

*Plaintiff - Appellant*

v.

Bank of America, N.A.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 13, 2021
Filed: April 9, 2021
_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Following a scheduled foreclosure sale of his residence by Bank of America, N.A. (BANA), Appellant Scott Rivera sought and received a temporary restraining order in Missouri state court to halt the sale. BANA canceled the foreclosure sale and removed the action to federal court, where Rivera filed an amended complaint alleging claims of wrongful foreclosure, violation of the Missouri Merchandising Practices Act (MMPA), and negligent misrepresentation. BANA sought dismissal

of the amended complaint for failure to state a claim, which the district court[1] granted. The district court also denied Rivera's request for leave to file an amended complaint and entered an order dismissing the case with prejudice. Rivera now appeals, asserting that the case is moot, or in the alternative, that the district court erroneously dismissed his complaint and should have granted him leave to file an amended complaint. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In March 2011, Rivera obtained a $310,815 home loan from BANA, which was secured by a mortgage on his St. Louis area residence. In February 2018, after Rivera fell behind on his payments, Rivera and BANA entered into a loan modification agreement, which would have allowed Rivera to cure his default. However, Rivera never made any payments pursuant to the loan modification agreement, and BANA initiated foreclosure proceedings. In early August 2018, BANA notified Rivera of the foreclosure sale, scheduled for September 4, 2018. On August 13, 2018, Rivera contacted BANA and asked to be considered for another loan modification. Rivera also submitted supporting documentation. On August 28, 2018, BANA notified Rivera that its underwriters would not be considering Rivera's new loan modification because it should not have been offered to him in the first place. The foreclosure sale thus remained scheduled for Tuesday, September 4, 2018, the day following the Labor Day holiday.

On Friday, August 31, 2018, the last business day before the scheduled foreclosure sale, Rivera filed a pro se action in the Circuit Court of St. Louis County, Missouri. Rivera submitted a six-page handwritten filing, styled as a Motion for Temporary Restraining Order, which requested that the court enter an order halting the foreclosure sale scheduled for September 4, 2018. In his pleading, Rivera stated that he was likely to "succeed on the merits in <u>any</u> hearing" because, while he had

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

fallen behind on his payments, BANA misrepresented to him that he was eligible for loan modification assistance and notified him that he was not eligible only when it would be too late for Rivera to cure any default before the scheduled sale.  R. Doc. 1-1.  That same day, the St. Louis County Circuit Court entered an ex parte temporary restraining order barring BANA from conducting the foreclosure sale until after a hearing the court set for September 12, 2018.

On September 11, 2018, BANA removed the action to federal court based on diversity jurisdiction.  In January 2019, BANA moved to dismiss the complaint and moved to dissolve the temporary restraining order.  On January 29, 2019, the district court dissolved the temporary restraining order and ordered Rivera to respond to the motion to dismiss.  Instead of responding to BANA's motion to dismiss, Rivera, now represented by counsel, sought and obtained leave to file an amended complaint.  The amended complaint alleged claims of wrongful foreclosure, violations of the MMPA, and negligent misrepresentation.

BANA then filed a motion to dismiss the amended complaint, which the district court granted.  The district court concluded that Rivera failed to state a  claim for wrongful foreclosure because the foreclosure sale had not taken place and Missouri law does not recognize a claim for attempted wrongful foreclosure; Rivera failed to state a claim under the MMPA because negotiations for a loan modification fall outside of the original loan agreement that would be subject to the MMPA; and Rivera failed to state a claim for negligent misrepresentation because he made no allegations to support the inference that BANA failed to exercise reasonable care in its communications with him regarding the loan modification application.  The district court also denied Rivera's purported request for leave to file a second amended complaint because Rivera's request was made only in a two-sentence paragraph in his response in opposition to BANA's motion to dismiss, not as a proper motion for leave to amend, and he failed to provide an explanation of the substance of the proposed amendment.  The district court entered judgment against Rivera, dismissing his claims with prejudice.  Rivera now appeals, asserting that the district court did not have jurisdiction to decide BANA's motion to dismiss because, when

the district court dissolved the temporary restraining order on January 29, 2019, there was no longer any live case or controversy because the entirety of the removed action consisted of the temporary restraining order. In the alternative, Rivera asserts that he stated a claim for negligent misrepresentation[2] and that the district court should have granted him leave to again amend his complaint.

## II.

"Because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction, we begin with [Rivera's] claim that the case is moot." McGehee v. Neb. Dep't of Corr. Servs., 987 F.3d 785, 787 (8th Cir. 2021).[3] Article III of the Constitution requires the existence of a case or controversy at all stages of litigation. "'[W]hen the issues presented are no longer live or the parties lack a cognizable interest in the outcome,' a case or controversy under Article III no longer exists because the litigation has become moot." Brazil v. Ark. Dep't of Hum. Servs., 892 F.3d 957, 959 (8th Cir. 2018) (alteration in original) (citation omitted). "If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction." Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (en banc). Rivera asserts that the entirety of this case consisted only of his motion for a temporary restraining order and the accompanying temporary restraining order the St. Louis County Circuit Court granted. Thus, according to

---

[2]Rivera does not offer any argument regarding the merits of the dismissal of the wrongful foreclosure and MMPA claims for failure to state a claim.

[3]BANA asserts that Rivera waived his argument that this case is moot by not arguing it before the district court in opposition to BANA's motion to dismiss. However, "[m]ootness goes to the very heart of Article III jurisdiction, and any party can raise it at any time. Indeed, it would be the Court's duty to raise and decide the issue on its own motion, if facts suggesting mootness should come to its attention, even if both parties were silent on the subject." In re Smith, 921 F.2d 136, 138 (8th Cir. 1990).

-4-

Rivera, when the district court dissolved the temporary restraining order, the case became moot because there was no longer any live controversy, and this Court must order this action dismissed without prejudice. We disagree.

First, we construe Rivera's pro se motion for a temporary restraining order as a petition initiating a civil action against BANA under Missouri law. Under Missouri law, a party who seeks a temporary restraining order is required to "support that request with a verified petition or affidavit reciting the specific facts that support" that petition. Mo. R. Civ. P. 92.02. Although Rivera filed only what was styled as a motion for a temporary restraining order, we are satisfied that when giving the pro se pleading the appropriate liberal construction, it was both a motion for a temporary restraining order and a petition, as it sought the relief of a temporary restraining order while also providing allegations about BANA's alleged wrongful conduct giving rise to the foreclosure sale. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted)). The pleading was accepted as adequate by a St. Louis County Circuit Court Judge and any other construction of Rivera's filing would be inconsistent with the Missouri Rules of Civil Procedure, which require a petition to accompany any motion for a temporary restraining order.

Second, Rivera's conduct throughout the course of litigation amounts to an acknowledgement that his filing before the St. Louis County Circuit Court was both a motion and a petition. After BANA removed the action to federal court and filed a motion to dismiss, Rivera sought leave to file an amended complaint. This request and the accompanying amended complaint demonstrate that Rivera understood that his original filing in St. Louis County Circuit Court was in fact a petition, and not, as he alleges, solely a motion for a temporary restraining order. Further, Rivera did not contend at any point in the proceedings, including after the district court dissolved the temporary restraining order that the entire civil action consisted of only the temporary restraining order. Quite simply, the parties understood Rivera's initial

-5-

filing to be both a motion and petition, and they both proceeded through litigation with this understanding in mind.[4]  That Rivera now tries to avoid dismissal with prejudice by asserting that he did not ever file a petition is simply inconsistent with the entire course of proceedings.  We thus conclude that when the district court dissolved the temporary restraining order, a live case and controversy remained in the form of Rivera's claims of wrongful foreclosure, violation of the MMPA, and negligent misrepresentation.  The case is thus not moot, and the district court properly considered BANA's motion to dismiss for failure to state a claim.

Rivera next asserts that, even if the claims were not moot, the district court improperly dismissed his negligent misrepresentation claim for failure to state a claim.  "We review de novo the grant of a motion to dismiss.  We accept 'as true the complaint's factual allegations and grant[] all reasonable inferences to the non-moving party.'"  Park Irmat Drug Corp. v. Express Scripts Holding Co., 911 F.3d 505, 515 (8th Cir. 2018) (alteration in original) (citations omitted).  A claim for negligent misrepresentation under Missouri law, which the parties agree governs this diversity action, requires a plaintiff to allege

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

----

[4]Rivera argues that BANA's failure to file a responsive pleading within 21 days of removal demonstrates that BANA did not construe Rivera's state court filing as a petition.  However, Rivera filed no motion for default after BANA purportedly failed to file a responsive pleading, nor did he ever raise the issues in opposition to BANA's first motion to dismiss.  Because Rivera raises the issue for the first time on appeal, we deem it waived.  See Kosulandich v. Survival Tech., Inc., 997 F.3d 431, 433 (8th Cir. 1993).

Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 134 (Mo. 2010) (en banc).

In opposition to BANA's motion to dismiss, Rivera argued that he stated a claim because BANA both owed Rivera a duty of care and failed to exercise reasonable care in informing its agents about its decision not to consider Rivera's loan modification request. The district court rejected this argument, concluding Rivera's allegations failed to raise a plausible inference that BANA did not act with reasonable care. Now, on appeal, Rivera asserts for the first time that a claim for negligent misrepresentation lies where the alleged statement containing the misrepresentation was within the speaker's control and that he stated a claim by alleging that BANA falsely represented it would timely process his loan modification application. Because Rivera did not raise this argument before the district court in opposition to BANA's motion to dismiss, we consider it waived. See Kosulandich, 997 F.3d at 433. The district court thus did not err in dismissing Rivera's negligent misrepresentation claim for failure to state a claim.

Rivera finally asserts that the district court erroneously denied his request for leave to file another amended complaint. The "decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). Under Rule 15(a) of the Federal Rules of Civil Procedure, a party is entitled to amend his complaint one time as a matter of course within specified time frames. After this, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rivera asserts the district court abused its discretion in denying his request because under Rule 15, "[t]he court should freely give leave when justice so requires." However, the district court denied Rivera leave to amend because Rivera failed to file a proper motion or provide an explanation of what his proposed amendment would contain. Instead, Rivera offered only a conclusory request in his response in opposition to BANA's motion to dismiss. We have previously held that a district court did not abuse its

discretion by denying a request for leave to amend a complaint when the request was raised in a single sentence in response to a motion to dismiss and the party made no motion for leave nor attempted to explain the substance of the proposed amendment. See Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 805 (8th Cir. 2006). The same scenario occurred here: Rivera made a two-sentence request for leave to amend his complaint in response to BANA's motion to dismiss and did not make any other effort to move for or explain why he was entitled to such leave or explain what his proposed amendment would contain. On this record, we conclude that the district court did not abuse its discretion in denying Rivera leave to again amend his complaint.

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____