United States Court of Appeals
For the Eighth Circuit
No. 21-2852

Hafils Y. Akpovi

*Petitioner - Appellant*

v.

David Douglas, District Director, U.S. Citizenship and Immigration Services
Nebraska District Office; William Connor, Field Office Director, U.S. Citizenship
and Immigration Services; Kenneth T. Cuccinelli, Senior Official Performing the
Duties of the Director, U.S. Citizenship and Immigration Services; Alejandro
Mayorkas, Secretary, U.S. Department of Homeland Security; Merrick B. Garland,
Attorney General, U.S. Department of Justice

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 10, 2022
Filed: August 5, 2022
_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

The United States Citizenship and Immigration Services (USCIS) denied
Hafils Y. Akpovi's Form N-400, Application for Naturalization, because it

determined that Akpovi was no longer a lawful permanent resident following the denial of his Form I-751, Petition to Remove Conditions on Residence. Akpovi sought de novo review of the denial of his N-400 pursuant to 8 U.S.C. § 1421(c), requesting that the district court[1] direct USCIS to grant his N-400. The district court dismissed Akpovi's petition without prejudice, finding that it lacked authority to direct USCIS to grant his N-400 and, alternatively, that his petition failed to state a claim upon which relief could be granted. Following the district court's denial of his subsequent motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), Akpovi filed the present appeal. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Akpovi, a native and citizen of Benin, entered the United States on an F-1 student visa in June 2011 and married a United States citizen in May 2013. Akpovi's wife filed a marriage-based Form I-130, Petition for Alien Relative, and Akpovi filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with USCIS. On October 24, 2013, USCIS approved Akpovi's I-130 and I-485, and as a result, Akpovi became a conditional lawful permanent resident. In July 2015, Akpovi and his wife timely filed an I-751 to remove the conditions on Akpovi's residency status. USCIS requested that Akpovi submit additional evidence in support of his I-751, and on August 30, 2017, Akpovi appeared for an interview, which his wife did not attend. On October 2, 2018, while a decision on his I-751 was pending before USCIS, Akpovi filed an N-400, seeking to become a naturalized United States citizen. On January 25, 2019, USCIS issued a letter notifying Akpovi that, because there was no evidence that his marriage was bona fide, his I-751 was denied and his conditional resident status was "automatically terminated as of the second anniversary of the date in which [he] obtained conditional permanent resident status." R. Doc. 1-1, at 2. On May 30, 2019, USCIS issued a letter denying Akpovi's

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

N-400 because, following the denial of his I-751, he was no longer a lawful permanent resident and was thus ineligible for naturalization. USCIS thereafter reaffirmed its decision to deny Akpovi's N-400 and dismissed his motion to reopen and reconsider its decision denying his I-751.

On July 6, 2020, Akpovi filed a petition requesting review of the denial of his N-400 pursuant to 8 U.S.C. § 1421(c) before the district court. In his petition for review, Akpovi argued that he met all of the requirements for naturalization under 8 U.S.C. § 1427 and that USCIS's denial of his N-400 was incorrect as a matter of fact and law. Akpovi requested that the district court review his N-400 de novo and direct appellees to approve his N-400. On September 10, 2020, separate from the district court proceedings, the Department of Homeland Security (DHS) issued a Notice to Appear based upon the termination of Akpovi's conditional permanent resident status, ordering him to appear for removal proceedings. Appellees filed a motion to dismiss Akpovi's petition for review pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on December 15, 2020. Appellees argued that, because Akpovi's removal proceedings were pending, the district court lacked subject-matter jurisdiction over Akpovi's § 1421(c) claim pursuant to 8 U.S.C. § 1429 and, alternatively, the district court lacked the power to grant an effective remedy. Appellees further argued that, because Akpovi was ineligible for naturalization due to the loss of his conditional permanent resident status, he failed to state a claim upon which relief could be granted.

The district court granted appellees' motion to dismiss Akpovi's petition for review, determining that, though it had subject-matter jurisdiction over Akpovi's § 1421(c) claim, it lacked the authority to direct appellees to approve his N-400. Alternatively, the district court determined that, because Akpovi's conditional permanent resident status had been terminated and he was no longer eligible for naturalization, he failed to state a claim upon which relief could be granted. Akpovi filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), arguing that the district court committed a "manifest error of law and fact" when it dismissed Akpovi's petition without prejudice and stated that he

-3-

could reassert his claim "should removal proceedings be terminated in his favor" because he would be time-barred from reasserting his petition for review pursuant to 8 C.F.R. § 336.9(b). Akpovi further argued that the district court erroneously determined that he failed to state a claim upon which relief could be granted. The district court denied Akpovi's Rule 59(e) motion, finding that the legal conclusions in its previous order did not constitute a "manifest error of law" and that, to the extent that Akpovi's motion raised a new argument or reiterated an argument previously made, a Rule 59(e) motion was "not the appropriate vehicle to relitigate or disagree with an issued order." Akpovi appeals the dismissal of his petition for review and denial of his Rule 59(e) motion.

II.

We begin with the district court's dismissal of Akpovi's petition for review. Because "we have an obligation to satisfy ourselves of our own jurisdiction and that of the district court," Auer v. Trans Union, LLC, 902 F.3d 873, 877 (8th Cir. 2018), we first address appellees' assertion that the district court erred in finding that § 1429 did not deprive it of subject-matter jurisdiction over Akpovi's § 1421(c) claim. "We review the existence of subject-matter jurisdiction de novo." Acuity v. Rex, LLC, 929 F.3d 995, 1000 (8th Cir. 2019) (emphasis omitted). Under § 1421(a), the Attorney General has "[t]he sole authority to naturalize persons as citizens of the United States."[2] Section 1421(c) allows a person whose application for naturalization is denied to "seek [de novo] review of such denial before the United States district court for the district in which such person resides." Section 1429 provides, in relevant part, that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal

---

[2]Because Congress has "transferred the functions of the Immigration and Naturalization Service to [DHS], and transferred the function of adjudicating naturalization petitions to [USCIS], a component of DHS," courts interpret the reference to the Attorney General in 8 U.S.C. §§ 1421 and 1429 "as referring to the authority of the USCIS." See Yith v. Nielsen, 881 F.3d 1155, 1158 (9th Cir. 2018).

proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."[3]

Appellees argue that, read together, these provisions divest the district court of jurisdiction to review an administrative denial of a naturalization application while removal proceedings are pending against the applicant. We disagree and adopt the reasoning of our sister circuits that have found that the plain language of § 1429 restricts only the Attorney General's power to consider an application for naturalization. See, e.g., Yith, 881 F.3d at 1161 ("[Section 1429] refers only to the Attorney General and provides no indication that the language applies to the courts. Therefore, on its face, § 1429 restricts only the Attorney General and does not limit the district court's power to naturalize an applicant while removal proceedings are pending."); Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 258 (3d Cir. 2012) ("Based on the plain language of [§ 1429], we concur with the Ninth Circuit that there is 'no textual basis for concluding that jurisdiction vested in district courts by § 1421(c) is divested by § 1429.'" (citation omitted)); Zayed v. United States, 368 F.3d 902, 906 (6th Cir. 2004) ("The effect of § 1429, in our view, is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of a jurisdiction expressly conferred on it by the very act of Congress that amended § 1429."). We thus conclude that the district court did not err in finding that § 1429 does not limit its jurisdiction to review Akpovi's § 1421(c) claim, nor does it limit our jurisdiction over this appeal.

---

[3]The parties do not dispute that removal proceedings were pending against Akpovi pursuant to a "warrant of arrest." See 8 U.S.C. § 1429. We note, however, that the courts that have considered § 1429's "warrant of arrest" language disagree as to whether a "warrant of arrest" includes a notice to appear. Compare Klene v. Napolitano, 697 F.3d 666, 670 (7th Cir. 2012) (concluding that USCIS "has issued a regulation providing that a 'notice to appear' in a removal proceeding should be treated as a 'warrant of arrest'" and "[a]n agency can't rewrite statutory terms, but it can define its own vocabulary"), with Yith, 881 F.3d at 1168 ("Because we determine that Congress clearly defined 'warrant of arrest' as a writ that issues to arrest and detain an alien, and is not the same as a notice to appear, we disagree with the Seventh Circuit's decision in Klene.").

We next consider Akpovi's argument that the district court erred in concluding that, though § 1429 does not divest the district court of jurisdiction over Akpovi's petition for review, it does affect the district court's authority to grant relief. We find that this argument presents a question of mootness, which is a "matter[] of subject-matter jurisdiction that this [C]ourt reviews de novo." Davis v. Anthony, Inc., 886 F.3d 674, 677 (8th Cir. 2018). As noted above, "pursuant to § 1421(c), the *sole* authority to naturalize rests with the Attorney General, and such authority is limited by § 1429." Gonzalez, 678 F.3d at 259. The majority of our sister circuits have held that § 1429 precludes a district court from granting relief during the pendency of removal proceedings. See Zayed, 368 F.3d at 906 ("[T]he restraints that § 1429 imposes upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending."); De Lara Bellajaro v. Schiltgen, 378 F.3d 1042, 1047 (9th Cir. 2004) ("We hold that district courts have jurisdiction pursuant to § 1421(c) to review the denial of an application for naturalization whether or not a removal proceeding is pending, but that the scope of review is limited to 'such' denial."); Saba-Bakare v. Chertoff, 507 F.3d 337, 340 (5th Cir. 2007) (concluding that § 1429 required appellant to wait until termination of removal proceedings before district court could review questions regarding his naturalization application); Ajlani v. Chertoff, 545 F.3d 229, 239 (2d Cir. 2008) (joining the Fifth, Sixth, and Ninth Circuits in concluding "that the priority afforded removal proceedings by § 1429 limits the courts' authority to grant naturalization pursuant to § 1421(c) or § 1447(b)"); Awe v. Napolitano, 494 F. App'x 860, 865 (10th Cir. 2012) ("We also agree with the majority view of the Second, Fifth, Sixth, and Ninth Circuits that removal proceedings, whether in process at the time a § 1421(c) petition is filed or initiated thereafter, effectively bar federal consideration of § 1421(c) petitions by virtue of § 1429.").

The Third and Seventh Circuits have held that a district court cannot order the Attorney General to naturalize an alien while removal proceedings are pending against him but have found that a district court may nonetheless grant declaratory

-6-

relief in such circumstances by declaring the alien eligible for naturalization. <u>See</u> <u>Gonzalez</u>, 678 F.3d at 259 ("[W]e . . . agree that a district court cannot order the Attorney General to naturalize an alien who is subject to pendent removal proceedings. However, we do not conclude that district courts are . . . precluded from hearing a denial of naturalization case on the basis that no effective relief can be granted. Rather, we find that declaratory relief is appropriate and sufficient in this context." (footnotes omitted) (citation omitted)); <u>Klene</u>, 697 F.3d at 669 ("But to say that the court cannot order the Attorney General to naturalize an alien is *not* to say that the court cannot act. The second, sixth, and ninth circuits neglected the possibility of declaratory relief.").

We join our sister circuits in holding that the pendency of removal proceedings, whether initiated before or after the filing of a § 1421(c) petition, prevents a district court from directing the Attorney General to naturalize an alien due to the limits imposed on the Attorney General's authority to consider applications for naturalization by § 1429. We need not reach the issue of whether the district court may nonetheless grant declaratory relief in this case, however, because we find that Akpovi did not seek declaratory relief in his petition for review before the district court. <u>See</u> <u>Zayed</u>, 368 F.3d at 906.

Because § 1429 precludes the district court from granting effective relief in this case, we find that Akpovi's § 1421(c) petition is moot. "Article III of the Constitution requires the existence of a case or controversy at all stages of litigation." <u>Rivera v. Bank of Am., N.A.</u>, 993 F.3d 1046, 1049 (8th Cir. 2021). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." <u>Ali v. Cangemi</u>, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (alteration in original) (citation omitted). Here, the initiation of removal proceedings against Akpovi divested the Attorney General of the authority to consider his N-400, and a ruling by the district court ordering USCIS to grant Akpovi's N-400 would be ineffective. Thus, due to the initiation of removal proceedings, a change in circumstances occurred under which the district court can

no longer grant effective relief, rendering Akpovi's § 1421(c) petition moot. See Awe, 494 F. App'x at 866 (explaining that "initiation of removal proceedings constituted a 'change of circumstances'" that rendered appellant's § 1421(c) petition moot). Therefore, we conclude that the district court did not err when it dismissed Akpovi's petition for review. See Ali, 419 F.3d at 724 ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

## III.

We finally address the district court's denial of Akpovi's Rule 59(e) motion to alter or amend the judgment. "We review the district court's denial of a motion to alter or amend filed under Rule 59(e) for abuse of discretion." Rinchuso v. Brookshire Grocery Co., 944 F.3d 725, 730 (8th Cir. 2019). "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (citation omitted). Akpovi argues that the district court committed a manifest error when it dismissed his petition for review "without prejudice to reassertion should removal proceedings be terminated in his favor" because he was time-barred from reasserting his petition for removal pursuant to 8 C.F.R. § 336.9(b), which provides that "an applicant must file a petition for review . . . within a period of not more than 120 days after the USCIS final determination." We agree with the district court that, if Akpovi is successful in his removal proceedings, he may reassert a petition for review. See Zayed, 368 F.3d at 907 ("The petition having been dismissed without prejudice, [appellant] will have an opportunity to file a new petition if she prevails in the removal proceedings."); Ajlani, 545 F.3d at 241 ("To the extent [appellant] faults the district court for dismissing his [8 U.S.C.] § 1447(b) claim rather than holding it in abeyance pending the conclusion of his removal proceedings, we identify no error because we do not understand the district court to have foreclosed the possibility of refiling if removal proceedings are resolved favorably to

-8-

[appellant].").  Thus, we conclude that the district court did not commit a manifest error in stating that Akpovi could reassert a petition for review should removal proceedings be terminated in his favor and did not abuse its discretion in denying his Rule 59(e) motion to alter or amend judgment.

## IV.

For the foregoing reasons, we affirm the district court's dismissal of Akpovi's petition for review and denial of his Rule 59(e) motion.

_____